UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINTON P. FROST,

                Plaintiff,

-against-

CIVIL DIVISION, U.S. DEPARTMENT OF JUSTICE,

                Defendant.

22-CV-2201 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se and* IFP, brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. In his complaint, Plaintiff alleges that on February 14, 2022, he delivered a FOIA request to the Civil Division of the United States Department of Justice (DOJ), and that the DOJ failed to respond. By order dated April 29, 2022, the Court directed Plaintiff to file an amended complaint to provide facts showing that he had exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(A)(i)-(ii). Instead of filing an amended complaint, Plaintiff submitted a motion for reconsideration. In it, Plaintiff alleges that he submitted two letters to the DOJ requesting "administrative settlement" of claims he had filed with the DOJ under the Federal Tort Claims Act (FTCA). (ECF 7.) Attached to Plaintiff's motion are two letters from the DOJ. The first letter, dated February 20, 2021, informed Plaintiff that the DOJ had received his FTCA claim. (*Id.* at 3.) The second letter, dated June 3, 2021, informed Plaintiff that he should direct his request for documents to the DOJ FOIA office. (*Id.* at 4.) Also attached to the complaint is a communication that Plaintiff sent to the "Office of the President" on May 4, 2021, in connection with an August 13, 2019, letter seeking "declassification relief." (*Id.* at 6.) Plaintiff also seeks an injunction directing Defendant to "preserve all related records"

involving him, some of which relate to other cases he apparently has pending in other courts. (ECF 7 at 2.)

## STANDARD OF REVIEW

**A.      Motion for reconsideration**

The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court directed Plaintiff to file an amended complaint to allege that he had exhausted his administrative remedies in connection with his February 14, 2022,

FOIA request. All of the documents Plaintiff submits predate February 14, 2022, and thus they do not appear to bear any relationship to his February 14, 2022, FOIA request. In addition, at least one of the documents appears to relate to a FTCA claim, and not a FOIA request. Plaintiff's submission is not responsive to the order to amend, and seeks relief for matters that do not arise from this action. Therefore, the motion for reconsideration under the first five clauses of Rule 60(b) is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**B.    Motion for injunctive relief**

Plaintiff's request for preliminary injunctive relief must also be denied. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Because it is not clear that Plaintiff can state a viable FOIA claim, his submission does not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause (ECF 7) is denied.

## CONCLUSION

The Court denies Plaintiff's motion requesting reconsideration and injunctive relief. The Court grants Plaintiff one final opportunity to file an amended complaint that complies with the Court's April 29, 2022 order. Plaintiff must submit an amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-2201 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 23, 2022
       New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge